IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANTHONY D. CRENSHAW,  §<br>　　　Petitioner,　　　　§<br>　　　　　　　　　　　　§<br>v.　　　　　　　　　　　§　　Civil Action No. 4:06-CV-614-Y<br>　　　　　　　　　　　　§<br>NATHANIEL QUARTERMAN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division,　§<br>　　　Respondent.　　　　§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Anthony D. Crenshaw, TDCJ # 1194767, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dilley, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On June 19, 2003, a jury found Crenshaw guilty of possession with intent to deliver cocaine

in an amount of four grams or more but less than two hundred grams, and, on July 8, 2003, the trial court assessed his punishment at forty years' confinement in cause number 0854448D in the 372nd District Court of Tarrant County, Texas. (State Habeas R. at 98.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on September 23, 2004. *Crenshaw v. Texas*, No. 2-03-267-CR, slip op. (Tex. App.–Fort Worth Sept. 23, 2004) (not designated for publication). Crenshaw did not file a petition for discretionary review. (Petition at 3.)

On December 9, 2005, Crenshaw filed an application for writ of habeas corpus in the state trial court, raising one or more of the issues presented herein, which was denied without written order by the Texas Court of Criminal Appeals on July 19, 2006. *Ex parte Crenshaw*, Application No. WR-64,916-02, at cover. Crenshaw filed this federal petition for writ of habeas corpus on August 28, 2006.[1] Quarterman has filed an answer with supporting brief and documentary exhibits seeking dismissal of the action on limitations grounds. Crenshaw has not filed a reply.

### D. ISSUES

In this petition, Crenshaw raises five grounds for relief challenging his conviction and sentence on substantive grounds. (Petition at 7-8 & attachment.)

### E. STATUTE OF LIMITATIONS

Quarterman argues that Crenshaw's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Answer at 4-9.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, Crenshaw's conviction became final and the one-year limitations period began to run upon expiration of the time that Crenshaw had for filing a petition

---

[2] There are no allegations that the state imposed an unconstitutional impediment to the filing of Crenshaw's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Crenshaw's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

3

for discretionary review in the Texas Court of Criminal Appeals on October 25, 2004,[3] and closed on October 25, 2005, absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Crenshaw's state habeas application, filed on December 9, 2005, after the statute of limitations had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Crenshaw alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Crenshaw's petition was due on or before October 25, 2005. Accordingly, his petition filed on August 28, 2006, is untimely.

## II. RECOMMENDATION

Crenshaw's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[3] 30 days from the date of the state appellate court's affirmance was October 23, 2004. Because October 23, 2004, was a Saturday, Crenshaw had until October 25, 2004, to file a petition for discretionary review and until October 25 of the following year to seek federal habeas relief. *See Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir. 2004).

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February 12, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until February 12, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED January 22, 2007.

              /s/   Charles Bleil
              CHARLES BLEIL
              UNITED STATES MAGISTRATE JUDGE